UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          **Plaintiff/Respondent,**<br><br>    v.<br><br>JOSE MADRIZ,<br><br>          **Defendant/Petitioner.** | 1:13-cr-00175-1-LJO<br><br>**MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE REQUEST FOR EXTENSION AND REQUEST TO ORDER CLERK OF COURT TO PRODUCE CASE FILE; AND REQUESTING RESPONSIVE DECLARATION OF COUNSEL REGARDING STATUS OF CASE FILE (DOC. 76)** |

      Jose Madriz ("Madriz" or "Petitioner") is a federal prisoner proceeding pro se. On July 21, 2015, on the eve of trial, he pled guilty to two counts of a four-count Second Superseding Indictment: Count 3, which alleged conspiracy to distribute methamphetamine; and Count 4, which alleged possession with intent to distribute methamphetamine. Docs. 66 & 70. On October 13, 2015, he was sentenced to 188 months imprisonment, the low end of the guidelines range found applicable to Petitioner based upon the nature of the offense and Petitioner's criminal history. Doc. 74. The judgment and commitment were entered October 21, 2015. Doc. 75. At the time of his guilty plea, Petitioner was represented by Steven L. Crawford, of the Law Office of Steven L. Crawford in Grover Beach, California. Docs. 70 & 74.

      On October 26, 2016, Petitioner filed a "Motion to Enlarge Time to file Writ of Habeas Corpus

under 28 U.S.C. § 2255, Pursuant to Federal Rule of Civil Procedure 6(b)." Doc. 76. In this filing, Petitioner explains that he speaks little English and has limited understanding of the law. *Id*. at 1-2. Petitioner indicates that he "pled guilty to the charge of conspiracy to distribute, with the understanding that he would receive the mandatory minimum sentence of ten (10) years, but instead was sentenced to fifteen (15) years." *Id*. at 2-3. According to Petitioner, this was despite the fact that his lawyer "assured Petitioner that he would get the 120 months agreed upon with the Prosecution." *Id*. at 3. After sentencing, Petitioner claims to have asked his lawyer: "How could this have happened?" However, according to Petitioner, his lawyer had no answer and indicated nothing could be done about it. *Id*. Petitioner further claims that after sentencing he asked his lawyer for his file but his lawyer ignored his requests. *Id*. Petitioner requests an order that either directs his Counsel to provide him with his case file or directs the Clerk of the Court to do so. *Id*. at 6. He further requests that, once the documents have been provided to him, the Court grant him an additional 60 days within which to file a Petition Pursuant to 28 U.S.C. § 2255 ("§ 2255 Petition"). *Id*. at 6-7.

**A.     Request for Extension of Time**

Section 2255 provides, in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered judgment against Petitioner on October, 21 2015. Doc. 75. Where the defendant does not take a direct appeal, the judgment of conviction becomes final when the time for filing a notice of appeal expires. *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). Therefore, because defendant did not take a direct appeal, his judgment of conviction became final on November 4, 2015. *See id.*; *see also* Fed. R. App. Pro. 4(b)(1)(A)(i). The Ninth Circuit has held that the statute of limitations contained in § 2255 is subject to equitable tolling. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). For equitable tolling to apply, a defendant must prove that extraordinary circumstances beyond his control made it impossible to file a timely petition, and the extraordinary circumstances were the cause of the untimeliness. *Id.*

However, equitable tolling only applies when a defendant has filed a § 2255 Petition after the applicable statute of limitations period has passed. Here, Petitioner has not yet filed a § 2255 Petition. Instead, he suggests he may have been misled about the consequences of his plea, complains that his lawyer is not providing him with his case file, and seeks a court ruling extending the statute of limitations so that the statute will not bar his anticipated, but not yet filed, petition. "A federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). Thus, this Court lacks jurisdiction to consider extending the time for Petitioner's filing unless and until such a petition is actually filed, because there otherwise is no case or controversy within the meaning of Article III of the Constitution. *See Jackson v. Warden at Ironwood State Prison*, No. LA CV 15-06779-VBF(GJS), 2015 WL 5445998, at *2 (C.D. Cal. Sept. 16, 2015); *Gordon v. United States, No*. C12-0205-JCC, 2012 WL 2061610, at *1 (W.D. Wash. June 7, 2012); *United States v. Matsunaga*, No. CR. 99-473 SOM 01, 2009 WL 3124770, at *1 (D. Haw. Sept. 29, 2009); *Soto v. Warden*, No. CV 09-2377 AHM (JC), 2009 WL 1705471, at *1 (C.D. Cal. June 16, 2009); *Ford v. Warden*, No. 08-4304-CAS(E), 2008 WL 2676842, at *1 (C.D. Cal. July 7, 2008); *Leon*, 203 F.3d at 164. Accordingly, the Court may only consider Petitioner's equitable tolling showing if presented alongside a § 2255 Petition.

**B.     Request for Order to Produce Case File**

With regard to Petitioner's request that the Court order his lawyer to provide him with a copy of his case file, Petitioner has represented that he requested his file from Counsel and that his request was "ignored." Doc. 76 at 2. Accordingly, the Court will order defense Counsel to file a responsive declaration addressing the status of this request.

With regard to Petitioner's alternative request that the Court provide him with copies of his case file, there is no constitutional right to free copies of transcripts or other court records in aid of a collateral attack on a judgment of conviction. *See United States v. MacCollum*, 426 U.S. 317, 322-27 (1976). Pursuant to 28 U.S.C. § 753,

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). This statutory provision has been applied to requests for Court records in general, not just transcripts. *See United States v. Garcia*, No. CR–F–06–311 OWW, 2010 WL 1027794 at *2 (E.D. Cal., Mar. 17, 2010); *United States v. Soto-Valdez*, No. CR–95–320–PHX–RCB, 2009 WL 1311954 at *5 (D. Ariz. 2009); *see also United States v. Lucatero*, No. CR. S-05-0443 WBS, 2007 WL 1747077 at *1 (E.D. Cal., June 18, 2007) (finding that "[n]othing prevents defendant from contacting the clerk's office directly to obtain the copies of documents requested, standard rates applying, or having his representative obtain access to and copy the documents in the clerk's possession pursuant to 28 U.S.C. § 753(b)," but applying 28 U.S.C. § 753 to any request for free copies).

As with the request for an extension, the Court cannot evaluate whether a Petitioner has satisfied the requirements of 28 U.S.C. § 753 unless and until a § 2255 Petition has been filed. *See United States v. Eberhart*, No. 13-CR-0313-PJH-1, 2016 WL 6157503, at *2 (N.D. Cal. Oct. 24, 2016); *Garcia*, 2010 WL 1027794 at *2; *Soto-Valdez*, 2009 WL 1311954 at *6; *see also U.S. v. Connors*, 904 F.2d 535, 536

4

(9th Cir. 1990) (citation omitted) (indigent prisoner who had not filed a habeas petition, was not entitled to copies of his trial transcript at government expense under 28 U.S.C. § 2250 until the filing of such a petition). Only after Petitioner files a § 2255 Petition can the Court decide whether that Petition is frivolous, a pre-requisite to certifying that free copies may be provided under 28 U.S.C. § 753.

**C.    CONCLUSION AND ORDER**

For the reasons set forth above,

(1) Petitioner's request for an extension of time to file a § 2255 Petition is DENIED WITHOUT PREJUDICE;

(2) Petitioner's request for an order requiring the Clerk of Court to send him a copy of his case file is DENIED WITHOUT PREJUDICE; and

(3) On or before March 1, 2017, Counsel of record, Steven L. Crawford, is directed to file a declaration detailing the status of any request made by Petitioner for his case file.

In an abundance of caution, in addition to electronic service, the Clerk of Court is directed to serve a hard copy of this order on Mr. Crawford at his address of record.

IT IS SO ORDERED.

Dated:   **February 10, 2017**             /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE