UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>JOSE ERNESTO VALENCIA MADRIZ,<br><br>　　　　Defendant/Petitioner. | 1:13-cr-00175-LJO<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S FIRST MOTION FOR EXTENSION OF TIME AND MOTION FOR TRANSCRIPTS**<br><br>**(ECF No. 95)** |

　　Jose Ernesto Valencia Madriz ("Madriz" or "Petitioner") is a federal prisoner proceeding pro se. On July 21, 2015, on the eve of trial, he pled guilty to two counts of a four-count Second Superseding Indictment: Count 3, which alleged conspiracy to distribute methamphetamine; and Count 4, which alleged possession with intent to distribute methamphetamine. ECF Nos. 66 and 70. On October 13, 2015, he was sentenced to 188 months imprisonment, the low end of the guidelines range found applicable to Petitioner based upon the nature of the offense and Petitioner's criminal history. ECF No. 74. The judgment and commitment were entered October 21, 2015. ECF No. 75.

　　On May 19, 2017, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 84. On September 25, 2017, the United States moved to dismiss Petitioner's

1

motion to vacate his conviction as barred by the applicable statute of limitations. ECF No. 91. On October 16, 2017, Petitioner filed the instant motion for an extension of time to respond to the motion to dismiss and to supply him transcripts from the change of plea hearing and from the sentencing hearing, "so that the Defendant can prepare and reply to the government's answer."[1] ECF No. 95 at 2.

Petitioner's request for free copies of the plea hearing and sentencing transcripts are governed by 28 U.S.C. § 753(f), which provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceedings where the defendant has been permitted to proceed in forma pauperis. *United States v. Lucatero,* No. CR. S-05-0443 WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). 28 U.S.C. § 753(f) further provides that fees for transcripts in § 22554 proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," and "if the trial judge . . . certifies" that (1) "the suit or appeal is not frivolous" and (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See also Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal").

Motions brought under Section 2255 carry a one-year statute of limitations. Where the defendant does not take a direct appeal, the judgment of conviction becomes final when the time for filing a notice of appeal expires. *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). Therefore, because Petitioner did not take a direct appeal, his judgment of conviction became final on November 4, 2015. *See id.*; *see also* Fed. R. App. Pro. 4(b)(1)(A)(i). Petitioner did not file his 2255 petition until May 19, 2017, after the statute of limitations had run, and the United States has moved to dismiss on the grounds that the Petitioner's motion was untimely and that Petitioner has failed to demonstrate that his

---

[1] The court has previously denied Mr. Madriz's request for transcripts under 28 U.S.C. § 753(f). ECF No. 77

2

claim should be equitably tolled. ECF No. 91. The Ninth Circuit has held that the statute of limitations in 2255 proceedings may be equitably tolled where "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Petitioner's failure to timely move within one year of the final judgment thus may be excused if he can demonstrate that equitable tolling applies. Petitioner has offered nothing to indicate that the transcripts of his plea hearing or sentencing hearing will contain information relevant to his ability to prove (1) that he acted diligently *following sentencing* to pursue his rights and (2) that extraordinary circumstances exist. Therefore, the transcripts are not "needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). Petitioner's request for transcripts is DENIED WITHOUT PREJUDICE to a renewed request based on different circumstances.

For the reasons set forth above,

(1) Petitioner's request for copies of the transcripts of the plea hearing and sentencing hearing is DENIED;

(2) Petitioner's request for an extension of time to respond to the motion to dismiss is GRANTED. Petitioner shall have 30 days from the date of this order to file an opposition to the Government's Motion to Dismiss Defendant's Motion to Vacate Sentence as Barred by the Statute of Limitations (ECF No. 91), and the Government shall have 30 days from the date the opposition is filed to submit a reply.

IT IS SO ORDERED.

Dated: **November 20, 2017**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE