UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>JOSE ERNESTO VALENCIA MADRIZ,<br><br>　　　　Defendant-Movant. | No. 1:13-cr-00175-NONE-SKO-1<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. No. 91) |

**INTRODUCTION**

Before the court is respondent United States of America's motion to dismiss movant Jose Ernesto Valencia Madriz's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (Doc. Nos. 91 & 84.) The court has determined that the motion is suitable for decision based on the papers under Local Rule 230(g). For the reasons explained below, the court will grant the government's motion and dismiss the pending § 2255 motion.

**BACKGROUND**

On July 21, 2015, just before trial was to commence in this action, movant pled guilty to two counts of a four-count second superseding indictment in which he was charged with conspiracy to distribute 50 grams or more of actual methamphetamine and/or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and possession

1

with the intent to distribute the same amounts of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). (Doc. Nos. 66, 70, and 77 at 1.) On October 13, 2015, movant was sentenced to 188 months of imprisonment in the custody of the Bureau of Prisons and, on October 21, 2015, movant's judgment and commitment were entered. (Doc. Nos. 77 at 1; 84 at 1.)

On October 26, 2016, movant filed a motion for extension of time to submit a motion to vacate, set aside, or correct a sentence under § 2255. (Doc. No. 76 at 1.) In that motion, movant sought equitable tolling of the applicable statute of limitations for the filing of his § 2255 motion on the grounds of his "lack of his case file in its entirety" and his attorney's alleged refusal to "tur[n] [it] over to him." (Doc. No. 76 at 3, 7.) On February 10, 2017, the court denied the motion for an extension of time without prejudice, explaining that the court lacked jurisdiction to evaluate movant's request for equitable tolling of the statute of limitations until he had filed his motion for relief under § 2255. (Doc. No. 77 at 3.) In addition, the court ordered his prior counsel to provide a declaration concerning the status of "any request made by petitioner for his case file." (Doc. No. 77 at 5.)

On February 14, 2017, attorney Steven L. Crawford, movant's trial court counsel, submitted a declaration under penalty of perjury stating that he had "no memory of ever having a conversation with [movant] regarding his case file" and "no memory of a request for [movant's case file]." (Doc. No. 78 at 2.) Counsel stated that he reviewed movant's file and found no written record of a request. (*Id*.) He also expressed his willingness to send movant's case file to movant at the request "of this Court or of [movant]." (*Id*.) Thereafter, according to movant at some point in April 2017, he received "some but not all of the record" requested from attorney Crawford. (Doc. Nos. 83 at 2; 84 at 10.) Movant alleges, however, that he did not receive copies of "Pre-Trial Motions (if any) that were filed . . . and . . . any Government Motions (if any) that were filed." (*Id*.)

On May 19, 2017, movant filed a § 2255 motion to vacate, set aside, or correct his sentence. (Doc. No. 84 at 2.) In that motion, movant requested that the court "set aside" his plea agreement and vacate, set aside, or correct that his conviction and sentence because he had

2

received ineffective assistance from his counsel and due to "blatant" prosecutorial misconduct in his case. (Doc. No. 84 at 10–11.) Movant also requested that the court grant him equitable tolling of the statute of limitations applicable to his § 2255 motion, on the grounds that his trial court attorney had purportedly "abandoned" him. (*Id*.)

On September 25, 2017, the government filed the motion to dismiss still pending before the court, arguing that movant failed to allege facts to "establish or support" his request for equitable tolling and, thus, his § 2255 petition should be dismissed as time-barred by the applicable one-year statute of limitations. (Doc. No. 91 at 2.).

On July 20, 2018, movant filed an opposition to the government's motion to dismiss, in which he alleged that, as of July 20, 2018, he had "not received the case file" from his trial court counsel, notwithstanding movant's statement to the contrary in his May 19, 2017, motion for relief. (Doc. No. 100 at 3, 5.) Movant provided the court with three letters as exhibits, which he asserts demonstrate his multiple attempts to obtain his file from his former attorney on the following dates: September 26, 2016; October 28, 2016; and November 18, 2016. (Doc. No. 100 at 5–7; 100-1 at 3–5.) Beyond movant's assertion these letters were mailed through the prison mail system, there is no additional proof as to when these letters were sent or if they were delivered to his trial court counsel. (Doc. No. 100 at 5).

## ANALYSIS

Under 28 U.S.C. § 2255(f)(1), a movant has "one year from 'the date on which the judgment of conviction becomes final' to bring a motion under § 2255." *United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) (quoting 28 U.S.C. § 2255(f)(1)). As the Supreme Court explained in *Griffith v. Kentucky*, "by 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Lafromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). When "a criminal defendant does not take a direct appeal, a judgment of conviction becomes final when the 14-day limitation for an appeal has been exhausted." *United States v. Lee*, No. 15-00117 SOM/BMK, 2015 WL 4591553, at *3 (D. Haw. July 28, 2015); *see also Lafromboise*, 427 F.3d at

683 (citing *Griffith*, 479 U.S. at 321 n.6; Fed. R. App. P. 4(b)(1)(A)).

In this case, movant's judgment and commitment was entered on October 21, 2015, and he did not file a notice of appeal within fourteen days thereafter. (Doc. No. 77 at 1, 3.) Thus, his judgment of conviction became "final" on November 4, 2015. (Doc. No. 77 at 3); 28 U.S.C. § 2255(f)(1). Under the applicable one-year AEDPA statute of limitations, movant therefore had until November 4, 2016, to file a motion for relief under § 2255.

On May 19, 2017, movant submitted his pending § 2255 motion to the court, more than 6 months after the expiration of the one-year statute of limitations to do so. (Doc. No. 84.) He has requested that the court grant him equitable tolling of the statute of limitations. (Doc. No. 84.) The government opposes any equitable tolling of the statute of limitations, asserting that movant has failed to meet his burden of establishing his entitlement to equitable tolling and that the pending § 2255 motion is therefore time-barred. (Doc. Nos. 84 & 91.)

**A.     Equitable Tolling**

The Ninth Circuit has held that, in order to be entitled to equitable tolling, a habeas movant bears the burden of establishing two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In this circuit, "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)); *see also Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014) (Equitable tolling has a "very high bar, and is reserved for rare cases.").

Courts in this circuit have held that the determination of whether a movant presents grounds for equitable tolling is "a highly fact-dependent question" and is "to be decided on a case-by-case basis." *Fitzgerald v. Shinn*, No. cv-19-5219-PHX-MTL, 2020 WL 3414700, at *1 (D. Ariz. June 22, 2020) (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)); *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). Ninth Circuit precedent instructs courts reviewing requests for equitable tolling to "take a flexible [and case-specific] approach in

applying equitable principles," in order to avoid the "'evils of archaic rigidity'" and to "'meet new situations that demand equitable intervention.'" *Smith v. Davis*, 953 F.3d 582, 590–91 (9th Cir. 2020); *see also Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (citing *Holland*, 560 U.S. at 650); *Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020) (quoting *Holland*, 560 U.S. at 649–650). Accordingly, when considering requests for equitable tolling of the AEDPA's limitations period, courts in this circuit "should 'exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances . . . could warrant special treatment.'" *Bills*, 628 F.3d at 1097 (quoting *Holland*, 560 U.S. at 650).

1. Reasonable Diligence

The degree of diligence required of a movant for equitable tolling purposes is "'reasonable diligence.'" *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (citing *Holland*, 560 U.S. at 653). Reasonable diligence is "'the effort that a reasonable person might be expected to deliver under his or her particular circumstances.'" *Fue*, 842 F.3d at 654 (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)). In order to assess whether a movant was "diligent in pursuing his petition, courts consider the movant's overall level of care and caution in light of his or her particular circumstances." *Id.* Moreover, "[d]iligence does not require success; just hard work." *Jimenez v. Sherman*, No. 2:17-cv-2093 MCE GGH (HC), 2018 WL 2734942, at *4 (E.D. Cal. June 7, 2018).

Although "[w]hat reasonable diligence . . . look[s] like . . . varies based on the specifics of the case," in order to satisfy the reasonable diligence element, the movant must show that he has been reasonably diligent in pursuing his rights." *Smith*, 953 F.3d at 601. Courts are to make a determination as to the "'causation question' that requires courts to evaluate a petitioner's diligence . . . [in order] to determine whether the extraordinary circumstance actually did prevent timely filing." *Smith*, 953 F.3d at 595 (quoting *Gibbs*, 767 F.3d at 892).

In the present case, the court finds that movant Valencia-Madriz has failed to establish that he "act[ed] with diligence in preparing his petition" prior to and during the extraordinary circumstances (specifically, not having access to his case file) which he alleges caused the untimely filing of his motion for relief pursuant to § 2255 (Doc. No. 84 at 10–11). *See Smith*, 953

5

F.3d at 595, 601. Even assuming movant's factual representations to be true, his documented efforts to gain access to his case file did not commence until September 26, 2016, when he sent a letter to his trial court attorney requesting his "file and case number." (Doc. No. 100-1 at 3.) That letter, however, was not even sent until eleven months after movant's sentencing, more than ten months after his conviction became final, and approximately six weeks before a timely § 2255 petition would have been due for filing on November 4, 2016. (Doc. Nos. 100-1 at 3; 77 at 3.) Importantly, movant does not allege that he made any efforts to obtain his case file prior to September 26, 2016.

In addition to his letter of September 26, 2016, movant filed a motion for extension of time for the filing of his § 2255 motion with the court on October 26, 2016. (Doc. No. 100-1 at 4–5.) Movant's request to the court came approximately nine days prior to the expiration of the statute of limitations for the filing of his § 2255 motion, though movant actually believed that his deadline for doing so had already passed.[1] (Doc. No. 76 at 3.) Movant alleges that, thereafter, he sent his trial court attorney two additional letters requesting his case file, one dated October 28, 2016, and the other November 18, 2016. (*Id.*) The October 28, 2016, letter, was placed into the prison mail system just seven days prior to the expiration of movant's deadline for seeking relief under § 2255, based on the letter's date. The November 18, 2016, letter was mailed after the movant's filing deadline had passed.

Movant has not explained the significant gap in time from November 4, 2015, the day his conviction became final, and September 26, 2016, the date of his first letter to his trial court attorney seeking his file. Movant has "alleged no facts, argued no circumstances, and made no claim that he had been diligent in preparing his habeas petition" in the first ten months of his filing window, before his first letter to his counsel regarding his file. *Smith*, 953 F.3d at 601. Further, setting aside the fact that movant believed that his filing deadline had already passed when he undertook the additional efforts of contacting the court and mailing a second letter to trial court counsel, movant has not explained why the only other action he undertook in seeking

---

[1] The motion to extend time, docketed on October 26, 2106, states: ". . . the [p]etitioner had until October 13, 2016 to file his [§ 2255] petition." (Doc. No. 76 at 3.) The signature block indicates movant signed the motion on October 21, 2016. (*Id*. at 8.)

6

his file came so close to his filing deadline, such that it would be nearly impossible for the court and counsel to respond to his inquiries prior to the statute of limitations running out. Given the timeline of the fast-approaching statute of limitations deadline, movant's month-long delay from the mailing of his first letter to counsel until he submitted his motion for extension of time to the court and mailed his second letter also does not reflect the exercise of reasonable diligence on his part.

Additionally, movant does not allege that he attempted to draft any portions of his § 2255 motion—specifically, those not requiring access to his case file—after his judgment became final. A movant can reasonably be expected to work from memory on those portions of his or her § 2255 motion that do not require access to a case file. *See Nelson v. Sisto*, No. C-11-0313 EMC (pr), 2012 WL 465443, at *8 (N.D. Cal. Feb. 13, 2012) (finding that in addition to some "basic materials," movant "also had his own memory of the trial, which he could have consulted") (citing *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004)); *see also Ford v. Pliler*, 590 F.3d 782, 789–90 (9th Cir. 2009).

Here, movant alleges that he received ineffective assistance from his trial court counsel "from start to finish" during his criminal proceedings. (Doc. No. 84 at 14.) Specifically, movant alleges that his counsel: failed to challenge the sufficiency of the indictment; coerced him "into pleading guilty without the benefit of a plea agreement;" provided ineffective assistance when he advised movant to "decline[] to provide any further statement regarding his conduct" during the presentence investigation; failed to obtain search warrants and wiretap authorizations relevant to the charges brought against movant; failed to move for suppression of evidence; failed to require the government to prove that another person was involved in the drug conspiracy to which movant pled guilty; and failed to inform movant whether counsel had "tried to secure a favorable plea" at the time of movant's entry of an open plea of guilty. (*Id*. at–21.) In a cursory manner, movant also alleges prosecutorial misconduct on all of these same grounds. (*Id*. at 21–22.)

Most of movant's claims, on their face, do not involve facts that required movant to have access to his case file, rather than consultation of his memory. Movant would have been aware, for example, that on the day his trial was scheduled to commence he pled guilty without the

7

benefit of a plea agreement under Federal Rule of Criminal Procedure 11. Likewise, movant would have known, without his case file, that his attorney had advised him during the presentence investigation to provide no further comment regarding his offenses of conviction other than the factual basis for his pleas—and so forth. In *Battles*, a case examining an attorney's failure or refusal to provide a client's file, the Ninth Circuit stated: "[The movant's] current claims are about happenings at the time of his conviction—the failure of counsel to lodge an objection at the time of the government's closing argument, and counsel's refusal to allow [the movant] to participate in a presentence investigation. There is nothing new about those." 362 F.3d at 1198. While *Battles* involved claims of both equitable tolling and newly discovered facts under § 2255(f)(4), the principle stated is still relevant here – where a movant could have drafted many of his allegations without possession of his file because he was aware of the factual bases of the claims his delay in doing so is not attributable to the lack of his case file. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418–419 (2005); *Ford*, 590 F.3d at 789–90. Here, movant was not diligent either before or during the alleged extraordinary circumstance which he claims prevented him from filing a timely motion.

Movant's diligence *after* the alleged extraordinary circumstance was dispelled is relevant to the question of equitable tolling as well. Movant contends both that he did (Doc. Nos. 83 at 2; 84 at 10) and did not (Doc. No. 100 at 3) receive his case file from his trial court attorney. His statements that he did receive his file, however, are more credible in light of the record establishing that he submitted two filings on May 19, 2017, verifying his receipt of the file, which was close in time to the date of his first physical possession (i.e., April 2017). (Doc. Nos. 83 at 2; 84 at 10.) Movant's single assertion that he did not receive his file from his attorney was made in his opposition to the government's pending motion to dismiss, came later in time (July 20, 2018), and directly contradicts his two previous filings.[2] (Doc. No. 100 at 3.) Further, in his § 2255

---

[2] In his opposition to the pending motion, movant states: "Furthermore, [counsel] did not comply with the Court's Order [to provide a copy of the file], as [movant] has not received the case file. The government's answer … relied on [counsel's] declaration, but did not show proof of mailing. One would think such important legal documents … would be supported by proof of mailing." (Doc. No. 100 at 3.)

8

motion itself, he presents an allegation rooted in the text of his second superseding indictment, which seems to confirm his possession of that document, at the very least. (Doc. No. 84 at 2–6.) Thus, the court credits movant's two verifications of receipt of his file over his later-in-time contrary assertion made in his opposition.

The court has concluded that movant received his file from his attorney in April 2017. Movant submitted his § 2255 motion for filing on May 19, 2017, within a matter of weeks of the receipt of his file, even accepting arguendo that the file was missing pre-trial motions "if any." (Doc. No. 84 at 2.) Movant's "'prompt action'" after gaining access to his file is to be considered an exercise of reasonable diligence during that short period of time. *United States v. Davis*, No. 2:08–cr–0474 WBS KJN P, 2017 WL 4619784, at *5 (E.D. Cal. Oct. 16, 2017) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)). Nonetheless, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken . . . ." *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Here, although movant did demonstrate diligence after he obtained his case file, his very limited efforts to obtain that file were not sufficient in their timing, extent and regularity to qualify as reasonably diligent. This is especially true when coupled with the absence of any effort on movant's part in drafting other portions of his § 2255 motion before and during the time he did not have his file. *Jimenez*, 2018 WL 2734942, at *2, 4; *Smith*, 953 F.3d at 601. Therefore, the court finds that movant has not met his burden of establishing the diligence element of equitable tolling.

Out of an abundance of caution, the court addresses one final issue related to movant's diligence. In his original motion for an extension of time to file his § 2255 motion submitted on October 26, 2016, but *not* in his actual motion and *not* in his opposition to the pending motion to dismiss, movant represented that his wife made several calls to his trial court attorney requesting his case file. (Doc. No. 76 at 3.) Movant has provided no details or context with respect to these

/////

/////

9

alleged calls.³ (*Id.*) This contention is therefore not before the court in connection with the pending motion to dismiss. However, recognizing movant's pro se status, the court addresses the contention, nonetheless.

When movant represented that his wife placed calls to his trial court attorney attempting to obtain his file, he did not provide a declaration from his wife or any dates, phone records, or other details or evidence to support or corroborate this assertion. (Doc. Nos. 76 at 3; 78 at 2.) Movant also did not explain the extent to which his wife's efforts were made at his direction and/or were to support his efforts to submit a § 2255 motion. Given movant's failure to reiterate either in his opposition here or in his actual petition that his wife requested his file from his attorney, as well as his failure to provide any details or context or a declaration from his wife or other corroborating evidence, the court does not give weight to the assertion of these efforts. However, even if the court accepted as true that movant's wife called his attorney more than once to request movant's file, these calls—of unknown quantity and placed at an unknown time—do not amount to reasonable diligence on movant's part without more linking them to any effort on movant's part. *See Delgado v. Kernan*, No. 2:18-cv-01698-KJM-CKD, 2019 WL 2576555, at *4 (E.D. Cal. June 24, 2019) (finding that while movant's "jailhouse lawyer" claimed to have diligently prepared petition, movant was not diligent in "pursuing legal assistance or legal materials in his native language" and that reasonable diligence standard is not satisfied by efforts undertaken by third parties where evidence of the movant's own efforts is lacking); *Nelson*, 2012 WL 465443, at *3, 7, 9 (finding that sporadic efforts of movant and family, even if credited together, did not amount to reasonable diligence); *cf. Spitsyn*, 345 F.3d at 796 (remanding for further consideration of movant's diligence after dismissal for untimeliness where the movant and his mother hired an attorney to prepare a habeas petition nearly a year in advance of the deadline for doing so, the habeas attorney completely failed to prepare and file the petition, did not respond to communications, and held movant's file until after a bar disciplinary investigation had

---

³ Movant wrote that, at some unspecified time after his sentencing, he "requested that his file be turned over to him. Counsel ignored this request. The [p]etitioner's wife called the attorney several times, requesting that the file be sent to the [p]etitioner. As of [October 21, 2016], the [p]etitioner is without his file …" (Doc. No. 76 at 3.)

commenced and the habeas filing deadline had passed). Here, there is simply no evidence that movant was reasonably diligent before or during the alleged extraordinary circumstance (i.e. the lack of his attorney's file), even if he appears to have been reasonably diligent after the alleged extraordinary circumstance was dispelled. "[D]iligence after the fact is less likely to be probative of the question of whether the extraordinary circumstance caused the late filing …" *Gibbs*, 767 F.3d at 892.

2. <u>Extraordinary Circumstance</u>

While the United States Supreme Court "eschew[s] a 'mechanical rule' for determining [which] extraordinary circumstances" merit equitable tolling, courts may "dra[w] 'upon decisions made in other similar cases for guidance.' " *Bills*, 628 F.3d at 1096–97 (quoting *Holland*, 560 U.S. at 632, 650). In "our [Ninth Circuit] cases, equitable tolling is available . . . [under AEDPA] only when 'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time' and 'the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.'" *Bills*, 628 F.3d at 1097 (quoting *Spitsyn*, 345 F.3d at 799 (internal quotations omitted)). "Ordinary attorney negligence will not justify equitable tolling," but "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." *Spitsyn*, 345 F.3d at 800; *see also Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir. 2003) ("[T]here are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate …"), *vacated on other grounds sub nom. Pliler v. Ford*, 542 U.S. 225 (2004).

In the instant case, movant contends that his lack of access to his case file constituted an "extraordinary circumstance" and that it is "unrealistic to expect a habeas movant to prepare and file a meaningful petition . . . without access to his legal file." (Doc. No. 76 at 4, 5, 7.) The Ninth Circuit, however, has declined to decide this specific issue to date:

> There are no cases in this circuit determining whether an attorney's failure or refusal to provide a habeas client with important parts of his legal file may rise to the level of "extraordinary circumstances"

/////

11

> for purposes of equitable tolling. We prefer not to decide that
> question here, because the factual record is insufficiently developed.

*Hubbard*, 330 F.3d at 1107; *see also Battles*, 362 F.3d at 1198 (quoting this passage from *Hubbard* with approval and remanding the case for development of the factual record).

In this case, it is not alleged that movant's file contained any new information pertaining to most of movant's claims as explained in § A(2), *supra*. Movant was capable of outlining the facts and most of his arguments in support of his claims in his motion. Moreover, he could have later sought leave to amend his motion or moved for equitable tolling as to those claims allegedly affected by the absence of his case file. He did not do so. Further, movant has failed to present any description of, or argument for, specific instances in which he required a portion of his case file to prepare his § 2255 motion. The court has inferred from the contents of that motion that movant may have potentially benefitted from possession of his file with respect to one of his claims of ineffective assistance of counsel—the claim related to the text of his second superseding indictment. Yet, movant has not indicated whether or not he already possessed a copy of the indictment prior to receiving his file or how the indictment constituted information that was previously unknown to him. Finally, movant never requested that the court forward him a copy of the indictment in his case.

To the extent movant did not require his case file to articulate his claims, no extraordinary circumstance existed due to any lack of possession of the file on his part. To the extent movant's claim or claims required materials contained in his case file, the court need not decide whether his lack of possession of the file constituted an extraordinary circumstance for two reason: 1) movant has failed to articulate how possession of his case file was necessary and as to which claims, despite more than one opportunity to do so; and 2) movant was not reasonably diligent in pursuing his rights, in any event.

The Ninth Circuit has explained that "[a] petitioner seeking equitable tolling bears the burden of establishing two elements: 1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith*, 953 F.3d at 588. Establishing one element is insufficient to be entitled to the benefit of equitable tolling of

the statute of limitations. Here, movant has failed to establish both the reasonable diligence and extraordinary circumstance elements of equitable tolling for any one of his claims. Accordingly, movant is not entitled to equitable tolling with respect to the filing of his § 2255 motion. Therefore, respondent's motion to dismiss the motion as untimely will be granted.

### 3. Evidentiary Hearing

As a final matter, the court finds there is no basis for an evidentiary hearing. In "this Circuit, 'a habeas petitioner should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Stewart v. Cate*, 757 F.3d 929, 941 (9th Cir. 2014) (citing *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006)) (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003)). In the case at hand, even if movant's allegations concerning his efforts to obtain his case file and to timely file his motion are accepted as true, the allegations would not support a finding that he diligently pursued his rights in the filing of his motion for relief under § 2255 and that extraordinary circumstances were the cause of his untimely filing. Therefore, the court finds that an evidentiary hearing is not warranted.

## CERTIFICATE OF APPEALABILITY

Having found that movant is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. An appeal may not be taken from the denial of a § 2255 motion, unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). If, as in the present case, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability, when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a § 2255 motion is dismissed on procedural grounds, a movant satisfies the substantial showing standard by "demonstrat[ing] that: (1) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right'; and (2) 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Guyer*, 961 F.3d 1238, 1246–47 (9th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

/////

13

When a court denies claims in a § 2255 motion on the merits, the substantial showing standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen v. Ornoski,* 435 F.3d 946, 951 (9th Cir. 2006) (quoting *Slack*, 529 U.S. at 484). In the present case, the legal rules and principles guiding the court's decision are well-settled and not reasonably debated. Movant filed his § 2255 over six months after the statute of limitations for the filing of that motion had expired and has failed to establish that he was entitled to the tolling of that limitations period. Therefore, the court concludes that movant has failed to make the required substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Accordingly, the court declines to issue a certificate of appealability.

**CONCLUSION**

For the reasons set forth above,

1. The government's motion to dismiss (Doc. No. 91) is GRANTED:
2. The § 2255 motion (Doc. No. 84) is DISMISSED with prejudice as untimely filed;
3. Movant's motion to show cause pursuant to Federal Rule of Appellate Procedure 27 (Doc. No. 83) is DENIED as without legal basis; and
4. The government's motion for an order finding waiver of movant's attorney-client privilege and for re-setting of THE time to file a response (Doc. No. 90), previously GRANTED IN PART on October 2, 2017, insofar as it related to the request for an extension of time, is now DENIED as MOOT as it relates to an order finding waiver of movant's attorney-client privilege.

IT IS SO ORDERED.

Dated: **April 29, 2021**

_____
UNITED STATES DISTRICT JUDGE